IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARRY PATRICK EMMETT, II, | § | |
| TDCJ #1383329, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-10-2494 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Barry Patrick Emmett, II (TDCJ #1383329, former TDCJ #1153694, #1029302, #834897), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ").  Emmett has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from two prison disciplinary convictions.  After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below

## I.     BACKGROUND

Emmett reports that he is currently incarcerated as the result of more than one felony conviction.  Court records clarify that, on July 21, 2006, Emmett was convicted of the following offenses in the 7th Criminal District Court for Dallas County, Texas:  unlawful possession of a machine gun, cause number F-05-35437; evading arrest, cause number F-05-

35438; possession of a controlled substance, cause number F-05-48471; and unlawful possession of a firearm by a previously convicted felon, cause number F-05-48472.  Emmett received a 10-year prison sentence in each of those cases.  Emmett was also convicted of aggravated assault on a public servant in cause number F-05-48473.  Emmett received a 40-year prison sentence in that case.

Emmett does not challenge any of his underlying criminal convictions here.  Instead, he seeks relief from two prison disciplinary convictions entered against him at the Allred Unit, where he was formerly assigned.[1]

Emmett reports that, on July 29, 2009, he was charged with violating prison rules in disciplinary case #20090321251 by sending correspondence in a fraudulent manner to prevent his mail from being inspected by mailroom personnel.  On that same day, Emmett was charged separately in disciplinary case #20090321261 with "misrepresenting personal information about himself" by making a false report about an assault.  A disciplinary hearing officer found Emmett guilty as charged.  As a result, Emmett lost commissary and recreational privileges and he was restricted to his cell for 45 days.  Emmett also lost approximately 15 days of previously earned credit for good conduct (*i.e.*, good-time credit).

Emmett now seeks a federal writ of habeas corpus to challenge both of his disciplinary

---

[1]       Dallas County, where Emmett's underlying criminal convictions were entered, is located within the United States District Court for the Northern District of Texas.  Likewise, the Allred Unit, where the disciplinary convictions were entered, is also located within the Northern District.  Because Emmett is currently incarcerated at the Ellis Unit in Huntsville, Walker County, which is within the Southern District of Texas, this Court retains jurisdiction over the petition.  *See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

convictions in cases #20090321251 and #20090321261.  Emmett claims that there was insufficient evidence to prove that he committed the offense of fraud because his actions did not cause "harm" to another person.  Emmett maintains, therefore, that his convictions violate due process.  For reasons set forth below, however, the Court finds that Emmett fails to state an actionable claim under the standard of review that governs disciplinary proceedings in the prison context.

## II.   <u>DISCUSSION</u>

Emmett seeks habeas corpus relief in federal court from disciplinary proceedings lodged against him in state prison.  The federal writ of habeas corpus is an extraordinary remedy, which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness").  To prevail, a habeas petitioner must establish a constitutional violation.

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest.  *See Sandin v. Conner*, 515 U.S. 472 (1995).  Liberty interests emanate from either

3

the Due Process Clause itself or from state law.  *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

Emmett, who is in state custody, does not identify a particular liberty interest outlined in the Due Process Clause.  To the extent that the disciplinary convictions may affect his eligibility for early release from prison, the Due Process Clause does not include a right to conditional release before the expiration of a valid sentence.  *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979).  Under these circumstances, Emmett's petition depends on the existence of a constitutionally protected liberty interest created by state law.

The Supreme Court has decided that state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause.  *Sandin*, 515 U.S. at 487.  *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).  In Texas, only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release.[2]  *See Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1,

---

[2]     There are two ways in which a state prisoner becomes eligible for early release from confinement in Texas.  The first is by "parole" and the second is by release on "mandatory supervision."  *See* TEX. GOV'T CODE § 508.001(5)-(6) (Vernon 2004).  Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced."  *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007).

1996).  Texas inmates who are eligible for mandatory supervision have a protected liberty interest in the good-time credits that they have earned.  *See Malchi*, 211 F.3d at 956. Therefore, when sanctions are imposed for disciplinary violations, Texas prison officials cannot forfeit good-time credits from inmates who are eligible for mandatory supervision without first affording due process.  *See id*.

Emmett, who has convictions for aggravated assault on a public servant and more than one firearms-related offense, concedes that he does not have a "mandatory release date" and that he is not eligible for early release on mandatory supervision.[3]  Thus, to the extent that Emmett lost good-time credit as the result of the challenged disciplinary convictions, he has no protected liberty interest in such loss and no valid due process claim in connection with that sanction.  *See Malchi*, 211 F.3d at 957-58.

Likewise, the other sanctions imposed against Emmett (loss of privileges, temporary cell restriction, reduction in status) do not implicate the Due Process Clause.  According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns.  *Madison v. Parker*, 104 F.3d 765, 768

---

[3]  Texas law provides that good-time credits apply only to eligibility for release on parole or mandatory supervision and do not affect the length of an inmate's sentence.  *See* TEX. GOV'T CODE ANN. § 498.003;  *Ex parte Montgomery*, 894 S.W.2d 324, 328 (Tex. Crim. App. 1995). Because the petitioner is not eligible for mandatory supervision, any good-time credits he has earned apply only toward his eligibility for parole.  To the extent that the petitioner complains that the disciplinary conviction adversely affected his eligibility for parole, this allegation does not state a claim because there is no protected liberty interest in obtaining parole in Texas.  *See Madison v. Parker*, 104 765, 768-69 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Gilbertson v. Texas Bd. of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993).

(5th Cir. 1997).  Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life.  *See id.* The Fifth Circuit has also decided that reductions in a prisoner's class status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause.  *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).  Because these sanctions do not implicate a protected liberty interest, Emmett fails to demonstrate a violation of the Due Process Clause.

Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available.  *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995);  *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985).  Thus, the pending federal habeas petition must be dismissed.

## III.   <u>CERTIFICATE OF APPEALABILITY</u>

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of

appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

IV.    **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1.      The petition for a federal writ of habeas corpus is **DENIED**, and this case is

        **DISMISSED** with prejudice.

2.      A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on  July 15, 2010.

                                            Nancy F. Atlas
                                    United States District Judge

8